IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE MALTMAN AND SUSAN MALTMAN, h/w, <br>     Plaintiffs, <br><br>     v. <br><br> BAE <br><br>     and <br><br> BNP <br><br>     and <br><br> TURNER CONSTRUCTION COMPANY <br><br>     and <br><br> GRAINGER INDUSTRIAL SUPPLY, <br><br>     Defendants. | Civil Action No: |

## NOTICE OF REMOVAL

Defendant Turner Construction Company ("Turner"), by and through its undersigned counsel, hereby gives notice of removal of this action from the Court of Common Pleas of Philadelphia County, where it is now pending, June Term 2002, No. 000241, to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1441 et seq. In support of this removal, Turner avers as follows:

1. Plaintiffs George Maltman and Susan Maltman initiated this action by filing a Complaint in the Court of Common Pleas of Philadelphia County on June 4, 2002. A true and correct copy of the Complaint is attached hereto as Exhibit "A".

103576.00801/20967993v1

2.	The Plaintiffs' Complaint in this matter was subsequently served upon all defendants on June 10, 2002.

3.	A United States District Court has original jurisdiction over a case where the parties' citizenship is diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).

4.	According to the Complaint, Plaintiffs are citizens of the State of New Jersey and reside at 13 Golden Rod Lane in Swedesboro, New Jersey.  See Exhibit "A" at ¶ 1.

5.	Defendant Turner Construction Company, Inc. is a corporation organized and existing under the laws of New York State, and maintaining its principal place of business in New York, New York.

6.	Defendant BAE, Inc. is a corporation organized and existing under the laws of the State of Texas, and maintaining its principal place of business in Carrollton, Texas.

7.	Defendant BNP, Inc. is a corporation organized and existing under the laws of the State of Connecticut, and maintaining its principal place of business in Danbury, Connecticut.

8.	Defendant Grainger Industrial Supply, Inc. is a corporation organized and existing under the laws of the State of Illinois, and maintaining its principal place of business in Lake Forest, Illinois.

9.  Pursuant to 28 U.S.C. § 1332(a), a corporation is a citizen of the state in which it is incorporated and in which it maintains its principal place of business. All four defendants to this case, therefore, are neither citizens nor residents of the Commonwealth of Pennsylvania.

10. Counsel for Turner has requested that Plaintiffs' counsel stipulate that Plaintiffs are seeking $75,000 or less in claimed damages. Plaintiffs' counsel refuses to so stipulate; therefore, the requisite amount in controversy exists for diversity jurisdiction.

11. Because Plaintiffs are citizens of the State of New Jersey and the defendants to this action are all citizens of states other than the State of New Jersey, complete diversity of citizenship exists.

12. Moreover, the amount in controversy in this matter exceeds $75,000.

13. Accordingly, the United States District Courts have original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and this action is therefore removable to this Court pursuant to 28 U.S.C. § 1441.

14. BNP has expressly given notice of its consent to remove this matter to this Court. See BNP's Notice of Consent of Removal, attached hereto at Exhibit "B".

15. BAE has expressly given notice of its consent to remove this matter to this Court. See BAE's Notice of Consent of Removal, attached hereto at Exhibit "C".

103576.00801/20967993v1

16. Grainger Industrial Supply has expressly given notice of its consent to remove this matter to this Court. See Grainger Industrial Supply's Notice of Consent of Removal, attached hereto at Exhibit "D".

17. Pursuant to 28 U.S.C. § 1446(b), this Notice is filed within thirty (30) days after service of the Complaint upon the earliest served defendant.

18. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Prothonotary of the Court of Common Pleas of Philadelphia County and is being served on all adverse parties and counsel of record.

WHEREFORE, Defendant Turner Construction Company, Inc. hereby removes this action now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

BLANK ROME COMISKY & MCCAULEY LLP


BY: _____
    DAVID N. ZEEHANDELAAR
    BRETT D. STECKER
    One Logan Square
    Philadelphia, PA 19103
    (215) 569-5500

    Counsel for Defendant
    Turner Construction Company

Dated: July ____, 2002

103576.00801/20967993v1

## CERTIFICATE OF SERVICE

I, Brett D. Stecker, Esquire, hereby certify that I caused to be served a true and correct copy of the foregoing Notice of Removal of Defendant Turner Construction Company, Inc., via United States First Class Mail, postage prepaid, to counsel of record as noted below:

Theresa M. Simmons, Esq.
Cordisco, Bradway & Simmons
234 Mill St.
Bristol, PA 19007
Counsel for Plaintiffs

Bruce D. Lombardo, Esq.
Sean Duffy, Esq.
Powell Trachtman
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Counsel for Defendant BNP

Robyn McGrath, Esq.
Sweeney & Sheehan, P.C.
1515 Market Street Suite 1900
Philadelphia, PA 19102
Counsel for Defendant Grainger Industrial Supply

Richard Beck, Esq.
Klehr, Harrison, Harvey, Branzburg & Ellers, LLP
260 S. Broad Street
Philadelphia, PA 19102
Counsel for Defendant BAE

Brett D. Stecker

Dated: July ___, 2002

103576.00801/20967993v1