IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GEORGE MALTMAN AND          :
SUSAN MALTMAN, h/w,          :
           Plaintiffs,     :
                     :    Civil Action No: 02-CV-45-82
          v.         :
                     :
BAE                          :
                     :
       and          :
BNP                          :
                     :
       and          :
TURNER CONSTRUCTION COMPANY   :
       and          :
GRAINGER INDUSTRIAL SUPPLY,   :
           Defendants.      :

---

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS BAE AUTOMATED SYSTEMS, INC. AND TURNER CONSTRUCTION COMPANY, INC. TO THE COMPLAINT OF PLAINTIFFS GEORGE AND SUSAN MALTMAN

Defendants BAE Automated Systems, Inc. ("BAE") and Turner Construction Company, Inc. ("Turner"), by and through their undersigned counsel, hereby respond to Plaintiffs' Complaint as follows:

1.     Denied.  Defendants BAE and Turner are without knowledge or information sufficient to form a belief as to Plaintiffs' residence.

2.     Admitted in part and denied in part.  It is admitted that BAE is engaged in the business of manufacturing and selling conveyor systems throughout the United States and

regularly conducts business in the City of Philadelphia and Commonwealth of Pennsylvania. These allegations are denied, however, to the extent that they imply that BAE is a domiciliary of the Commonwealth of Pennsylvania. By way of clarification, BAE is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located in Carrollton, Texas. Further, the allegation that BAE is engaged in the business of designing conveyor systems is specifically denied.

     3.     Admitted.

     4.     Admitted in part and denied in part. It is admitted, upon information and belief, that Defendant BNP is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business located at 101 East Ridge Office Park, Suite 103, in Danbury, Connecticut. Defendants BAE and Turner are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 4, and they are therefore denied.

     5.     Denied. Defendants BAE and Turner are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5.

     6.     Admitted in part and denied in part. It is admitted that Turner is a corporation doing business in the City of Philadelphia and the Commonwealth of Pennsylvania. It is further admitted that Turner has a registered office at c/o CT Corporation System, 1635 Market Street, Philadelphia, Pennsylvania. However, the allegation that Turner is a domiciliary of the Commonwealth of Pennsylvania is specifically denied. Turner is a corporation organized and existing under the laws of the State of New

York and maintaining its principal place of business at 375 Hudson Street, New York, New York.

7.      Denied.  Defendant Turner is a construction company, engaged in the business of performing as either the general contractor or the construction manager on construction projects for which it is retained.  Defendant Turner specifically denies the allegation that it is "engaged in the business of distribution and installation of conveyor systems."

8.      Denied, to the extent that the allegations contained in paragraph 8 imply that Defendant Grainger Industrial Supply ("Grainger") is a domiciliary of the State of New Jersey and/or the Commonwealth of Pennsylvania.  Upon information and belief, Granger is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located in Lake Forest, Illinois.  Defendants BAE and Turner further deny the remaining allegations contained in paragraph 8, as BAE and Turner are without knowledge or information sufficient to form a belief as to those allegations.

9.      Denied.  Defendants BAE and Turner are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9.

10.      Admitted, upon information and belief.

11.      Denied as stated.  Defendant BAE manufactured the new luggage conveyor system at the Terminal 1 Project at Philadelphia International Airport.  However, the allegation that Defendant BAE designed the conveyor system is specifically denied.

12.     Denied as stated.  Defendant Turner is the construction manager for the construction of the Terminal 1 project at Philadelphia International Airport.  Defendant Turner specifically denies the allegations that it "built the new US Airways terminal" or that it "distributed and installed the conveyor luggage system."

13.     Denied.  Defendants BAE and Turner are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13.

14.     Denied.  Defendants BAE and Turner are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14.

15.     Denied.  Defendants BAE and Turner are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15.

16.     Denied.  Defendants BAE and Turner are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16.

17.     Denied.  Defendants BAE and Turner are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17.

18.     Denied.  Defendants BAE and Turner are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18.

19.     Denied.  Defendants BAE and Turner are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19.

20.    Denied. Defendants BAE and Turner are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20.

21.    Denied. Defendants BAE and Turner are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21.

22.    Denied. Defendants BAE and Turner are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22.

23.    Denied. Defendants BAE and Turner are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23.

24.    Admitted as stated. However, the inference that such a cord or rope was required or necessary, is denied.

25.    Denied. Defendants BAE and Turner are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25.

26.    Admitted in part and denied in part. It is admitted only that Defendant BAE has worked and consulted with US Airways regarding the conveyor system, which Defendant BAE manufactured and sold. However, the allegation that Defendant BAE "inspected" the conveyor system after installation is denied as stated; BAE has maintained the conveyor system. Moreover, the allegation contained in paragraph 26 that Defendant BAE designed the conveyor system is specifically denied.

## COUNT I
## PLAINTIFF GEORGE MALTMAN V. DEFENDANT BAE AUTOMATED SYSTEMS, INC.
## (STRICT LIABILITY)

27.    Defendant BAE incorporates by reference the responses contained in paragraphs 1-26 above as though the same were set forth fully at length.

28.    Denied. The allegations contained in paragraph 28 constitute conclusions of law to which no response is required. By way of further response, Defendant BAE specifically denies the allegation that it was the manufacturer and/or supplier of a "defective conveyor system." To the contrary, the conveyor system was properly manufactured without defects of any kind.

29.    Denied. The allegations contained in paragraph 29 constitute conclusions of law to which no response is required. By way of further response, Defendant BAE specifically denies the allegations that it sold a conveyor "in a defective condition" or which was "unreasonably dangerous to the ultimate users." To the contrary, the conveyor was properly manufactured without defects of any kind, and was not unreasonably dangerous to its ultimate users.

30.    Denied. The allegations contained in paragraph 30 constitute conclusions of law to which no response is required.

31.    Denied. The allegations contained in paragraph 31 constitute conclusions of law to which no response is required. To the extent that the allegations in paragraph 31 are factual in nature, Defendant BAE is without knowledge or information sufficient to form a belief as to these allegations.

32.     Denied.  The allegations contained in paragraph 32 constitute conclusions of law to which no response is required.  By way of further response, Defendant BAE specifically denies the allegations contained in paragraph 32 that the conveyor was defective and unreasonably dangerous in any way; that it was defectively manufactured in any way; that it was defectively designed in any way; that it lacked adequate warnings of any kind; or that it did not have a proper emergency stop system or control.  Moreover, Defendant BAE specifically denies the allegation that the conveyor was improperly installed in any way.  To the contrary, the conveyor was manufactured without defects of any kind in its design, and was installed properly.

35.[1]    Denied.  The allegations contained in paragraph 35 constitute conclusions of law to which no response is required.  By way of further response, BAE specifically denies the allegation that it was the designer of a "defective conveyor system."  To the contrary, the conveyor system was manufactured properly, without defects of any kind in its design.

36.     Denied.  The allegations contained in paragraph 36 constitute conclusions of law to which no response is required.  By way of further response, BAE specifically denies the allegations that it designed a conveyor system "in a defective condition, unreasonably dangerous to the ultimate users."  To the contrary, the conveyor system was manufactured properly, without defects of any kind in its design, and was not unreasonably dangerous to its ultimate users.

37.     Denied.  See response to paragraph 30 above.[2]

---

[1] Plaintiffs' Complaint does not contain paragraphs 33-34, the next numbered paragraph following paragraph 32 is paragraph 35.

[2] Paragraphs 37-39 of Plaintiffs' Complaint repeat verbatim the allegations contained in paragraphs 30-32.

38.     Denied.  See response to paragraph 31 above.

39.     Denied.  See response to paragraph 32 above.

40.     Denied.  The allegations contained in paragraph 40 constitute conclusions of law to which no response is required.  By way of further response, Defendant BAE specifically denies the allegation that Plaintiff George Maltman was injured "as a direct and proximate result of the defective conveyor system."  To the extent that the remaining allegations contained in paragraph 40 are factual in nature, they are denied as Defendant BAE is without knowledge or information sufficient to form a belief as to those allegations.

WHEREFORE, Defendant BAE Automated Systems, Inc. respectfully demands judgment in its favor and against plaintiffs along with fees, costs, interest and other such relief as the Court deems proper.

## COUNT III
## PLAINTIFF GEORGE MALTMAN V. DEFENDANT TURNER CONSTRUCTION COMPANY, INC. (STRICT LIABILITY)[3]

41.     Defendant Turner incorporates by reference the responses contained at paragraphs 1-40 as though the same were set forth fully at length.

42.     Denied.  The allegations contained in paragraph 42 constitute conclusions of law to which no response is required.  By way of further response, Defendant Turner specifically denies the allegation that it was the supplier and/or installer of a "defective conveyor system."  Defendant Turner is a construction company, engaged in the business of

---

[3] Plaintiffs' Complaint does not contain a "Count II"; the next Count following Count I is labeled "Count III".

performing as either the general contractor or the construction manager on construction projects for which it is retained.

43.    Denied. The allegations contained in paragraph 43 constitute conclusions of law to which no response is required. By way of further response, Defendant Turner specifically denies the allegation that it sold any conveyor system "in a defective condition, unreasonably dangerous to the ultimate users." Defendant Turner is a construction company, engaged in the business of performing as either the general contractor or the construction manager on construction projects for which it is retained.

44.    Denied. The allegations contained in paragraph 44 constitute conclusions of law to which no response is required.

45.    Denied. The allegations contained in paragraph 45 constitute conclusions of law to which no response is required. To the extent that the allegations in paragraph 45 are factual in nature, Defendant Turner is without knowledge or information sufficient to form a belief as to these allegations.

46.    Denied. The allegations contained in paragraph 46 constitute conclusions of law to which no response is required. By way of further response, Defendant Turner specifically denies the allegations contained in paragraph 46 that it manufactured, designed, or installed the conveyor system. Defendant Turner is a construction company, engaged in the business of performing as either the general contractor or the construction manager on construction projects for which it is retained.

47.    Denied. The allegations contained in paragraph 47 constitute conclusions of law to which no response is required. To the extent that the remaining allegations contained

in paragraph 47 are factual in nature, they are denied as Defendant Turner is without

knowledge or information sufficient to form a belief as to those allegations.

WHEREFORE, Defendant Turner Construction Company respectfully demands

judgment in its favor and against plaintiffs along with fees, costs, interest and other such

relief as the Court deems proper.

## COUNT IV
## PLAINTIFF GEORGE MALTMAN VS. DEFENDANT GRAINGER
## INDUSTRIAL SUPPLY
## (STRICT LIABILITY)

48-54.  Count IV of Plaintiffs' Complaint (and paragraphs 48 through 54 therein)

contains allegations made only against co-Defendant Grainger Industrial Supply.  There are

no allegations in Count IV made against answering Defendants BAE and Taylor, and thus

Defendants BAE and Taylor provide no responses.

## COUNT V
## PLAINTIFF GEORGE MALTMAN VS. DEFENDANT BAE AUTOMATED
## SYSTEMS, INC.
## (NEGLIGENCE)

55.  Defendant BAE incorporates by reference the responses contained in

paragraphs 1-54 above as though the same were set forth fully at length.

56.  Denied.  The allegations contained in paragraph 56 constitute conclusions of

law to which no response is required.  By way of further response, Defendant BAE

specifically denies that Plaintiff George Maltman's alleged injuries were "proximately caused

by the negligence and carelessness of the Defendant."  Moreover, Defendant BAE

specifically denies the allegations that it failed to properly analyze and inspect the conveyor

belt, that it improperly installed the conveyor belt or any of its components in any way; that

it failed to place adequate warnings on the conveyor belt, that it failed to warn any party about the alleged dangerous condition of the conveyor belt, or that it failed to adequately maintain the conveyor system in a safe manner. To the contrary, the conveyor belt was properly installed, inspected, and maintained at all times.

57. Denied. The allegations contained in paragraph 57 constitute conclusions of law to which no response is required. By way of further response, Defendant BAE specifically denies the allegation that Plaintiff George Maltman was injured "as a direct and proximate result of the Defendants' negligence." To the contrary, Defendant BAE acted properly and with due care at all times. To the extent that the remaining allegations contained in paragraph 57 are factual in nature, they are denied as Defendant BAE is without knowledge or information sufficient to form a belief as to those allegations.

WHEREFORE, Defendant BAE Automated Systems, Inc. respectfully demands judgment in its favor and against plaintiffs along with fees, costs, interest and other such relief as the Court deems proper.

## COUNT VI
## PLAINTIFF GEORGE MALTMAN V. DEFENDANT BNP
## (NEGLIGENCE)

58-60. Count VI of Plaintiffs' Complaint (and paragraphs 58 through 60 therein) contains allegations made only against co-Defendant BNP. There are no allegations in Count VI made against answering Defendants BAE and Taylor, and thus Defendants BAE and Taylor provide no responses.

## COUNT VII
## PLAINTIFF GEORGE MALTMAN V. DEFENDANT TURNER
### CONSTRUCTION COMPANY, INC.
### (NEGLIGENCE)

61.    Defendant Turner incorporates by reference the responses contained at paragraphs 1-60 as though the same were set forth fully at length.

62.    Denied. The allegations constitute conclusions of law to which no response is required. By way of further response, Defendant Turner specifically denies the allegation that it acted negligently or carelessly in any way. Moreover, Defendant Turner specifically denies the allegations that Taylor improperly analyzed, inspected, installed, or maintained the conveyor system in any way or that it failed to adequately warn or advise anyone of any alleged dangerous condition. Defendant Turner is a construction company, engaged in the business of performing as either the general contractor or the construction manager on construction projects for which it is retained, and is not in the business of designing, installing, maintaining, or analyzing conveyor systems.

63.    Denied. The allegations contained in paragraph 63 constitute conclusions of law to which no response is required. By way of further response, Defendant Turner specifically denies the allegation that Plaintiff George Maltman was injured "as a direct and proximate result of the Defendants' negligence." To the contrary, Defendant Turner acted properly and with due care at all times. To the extent that the remaining allegations contained in paragraph 63 are factual in nature, they are denied as Defendant Turner is without knowledge or information sufficient to form a belief as to those allegations.

WHEREFORE, Defendant Turner Construction Company respectfully demands judgment in its favor and against plaintiffs along with fees, costs, interest and other such relief as the Court deems proper.

## COUNT VIII
## PLAINTIFF GEORGE MALTMAN V. DEFENDANT GRAINGER INDUSTRIAL SUPPLY
## (NEGLIGENCE)

64-66.    Count VIII of Plaintiffs' Complaint (and paragraphs 64 through 66 therein) contains allegations made only against co-Defendant Grainger Industrial Supply. There are no allegations in Count VIII made against answering Defendants BAE and Taylor, and thus Defendants BAE and Taylor provide no responses.

## COUNT XI[4]
## PLAINTIFF GEORGE MALTMAN VS. DEFENDANT BAE AUTOMATED SYSTEMS, INC.
## (WARRANTY OF MERCHANTABILITY)

67.    Defendant BAE incorporates by reference the responses contained in paragraphs 1-66 above as though the same were set forth fully at length.

68.    Denied. The allegations contained in paragraph 68 constitute legal conclusions to which no response is required. The remaining factual allegations contained in paragraph 68 are also denied, as Defendant BAE is without knowledge or information to form a belief as to those allegations.

69.    Denied. The allegations contained in paragraph 69 constitute conclusions of law to which no response is required. By way of further response, Defendant BAE specifically denies the allegations that it breached an implied warranty of merchantability for

the conveyor system or that the conveyor system was not fit for the ordinary and/or specific purposes for which it was intended. To the contrary, the conveyor system was fit for the ordinary and specific purposes for which it was intended, and BAE never breached an implied warranty of merchantability with respect to this product.

70.    Denied. The allegations contained in paragraph 70 constitute conclusions of law to which no response is required. By way of further response, Defendant BAE specifically denies the allegations that it breached an implied warranty of merchantability for the conveyor system, or that any such alleged breach was a "substantial factor" in causing the injuries claimed by Plaintiff George Maltman. To the extent that the allegations contained in paragraph 70 are factual in nature, they are denied, as Defendant BAE is without knowledge or information sufficient to form a belief as to these allegations.

71.    Denied. The allegations contained in paragraph 71 constitute conclusions of law to which no response is required. By way of further response, Defendant BAE specifically denies the allegation that Plaintiff George Maltman was injured "as a direct and proximate result of the Defendant's breach of the implied warranty of merchantability." To the contrary, Defendant BAE never breached an implied warranty of merchantability with respect to this product. To the extent that the allegations contained in paragraph 71 are factual in nature, they are denied as Defendant BAE is without knowledge or information sufficient to form a belief as to those allegations.

---

[4] Plaintiffs' Complaint has labeled the claim following Count VIII as "Count XI" instead of "Count IX".

WHEREFORE, Defendant BAE Automated Systems, Inc. respectfully demands judgment in its favor and against plaintiffs along with fees, costs, interest and other such relief as the Court deems proper.

## COUNT X
### PLAINTIFF GEORGE MALTMAN V. DEFENDANT BNP
### (WARRANTY OF MERCHANTABILITY)

72-76.   Count X of Plaintiffs' Complaint (and paragraphs 72 through 76 therein) contains allegations made only against co-Defendant BNP.   There are no allegations in Count X made against answering Defendants BAE and Taylor, and thus Defendants BAE and Taylor provide no responses.

## COUNT XI
### PLAINTIFF GEORGE MALTMAN VS. DEFENDANT TURNER
### CONSTRUCTION COMPANY, INC.
### (WARRANTY OF MERCHANTABILITY)

77.      Defendant Turner incorporates by reference the responses contained in paragraphs 1-76 above as though the same were set forth fully at length.

78.      Denied.  The allegations contained in paragraph 78 constitute conclusions of law to which no response is required.  By way of further response, Defendant Turner specifically denies the allegation that it is a "merchant", regularly dealing in and selling conveyor systems.  Defendant Turner is a construction company, engaged in the business of performing as either the general contractor or the construction manager on construction projects for which it is retained.   To the extent that the remaining allegations contained in paragraph 78 are factual in nature, they are also denied, as Defendant Turner is without knowledge or information to form a belief as to those allegations.

79.    Denied. The allegations contained in paragraph 79 constitute conclusions of law to which no response is required. By way of further response, Defendant Turner is a construction company, engaged in the business of performing as either the general contractor or the construction manager on construction projects for which it is retained, and specifically denies the allegations that it is a merchant dealing in conveyor systems to which the implied warranty of merchantability would apply.

80.    Denied. The allegations contained in paragraph 80 constitute conclusions of law to which no response is required. By way of further response, Defendant Turner is a construction company, engaged in the business of performing as either the general contractor or the construction manager on construction projects for which it is retained, and specifically denies the allegations that it is a merchant dealing in conveyor systems to which the implied warranty of merchantability would apply. To the extent that the allegations contained in paragraph 80 are factual in nature, they are denied, as Defendant Turner is without knowledge or information sufficient to form a belief as to these allegations.

81.    Denied. The allegations contained in paragraph 81 constitute conclusions of law to which no response is required. By way of further response, Defendant Turner is a construction company, engaged in the business of performing as either the general contractor or the construction manager on construction projects for which it is retained, and specifically denies the allegations that it is a merchant dealing in conveyor systems to which the implied warranty of merchantability would apply. To the extent that the allegations contained in paragraph 81 are factual in nature, they are denied, as Defendant Turner is without knowledge or information sufficient to form a belief as to these allegations.

WHEREFORE, Defendant Turner Construction Company respectfully demands judgment in its favor and against plaintiffs along with fees, costs, interest and other such relief as the Court deems proper.

### COUNT XII
### PLAINTIFF GEORGE MALTMAN V. DEFENDANT GRAINGER
### INDUSTRIAL SUPPLY
### (WARRANTY FITNESS)

82-87.  Count XII of Plaintiffs' Complaint (and paragraphs 82 through 87 therein) contains allegations made only against co-Defendant Grainger Industrial Supply.  There are no allegations in Count XII made against answering Defendants BAE and Taylor, and thus Defendants BAE and Taylor provide no responses.

### COUNT XIII
### PLAINTIFF GEORGE MALTMAN V. DEFENDANT BNP
### (WARRANTY FITNESS)

88-93.  Count XIII of Plaintiffs' Complaint (and paragraphs 88 through 93 therein) contains allegations made only against co-Defendant BNP.  There are no allegations in Count XIII made against answering Defendants BAE and Taylor, and thus Defendants BAE and Taylor provide no responses.

### COUNT XIV
### PLAINTIFF GEORGE MALTMAN VS. DEFENDANT TURNER
### CONSTRUCTION COMPANY, INC.
### (WARRANTY FITNESS)

94.     Defendant Turner incorporates by reference the responses contained in paragraphs 1-93 above as though the same were set forth fully at length.

95.     Denied.  The allegations contained in paragraph 95 constitute conclusions of law to which no response is required.  By way of further response, Defendant Turner is a

construction company, engaged in the business of performing as either the general

contractor or the construction manager on construction projects for which it is retained.

Defendant Turner specifically denies the allegations that it "placed the conveyor system in

the stream of commerce" or that it "knew or should have known of the particular purpose

for which the conveyor system would be used."

96.    Denied.  The allegations contained in paragraph 95 constitute conclusions of

law to which no response is required.  By way of further response, Defendant Turner is a

construction company, engaged in the business of performing as either the general

contractor or the construction manager on construction projects for which it is retained.

Defendant Turner specifically denies the allegations that it "placed the conveyor system in

the stream of commerce" or that it "knew or should have known that the buyer and ultimate

user would be relying on the skill and/or judgment of the Defendants to furnish a safe and

suitable conveyor system."

.    97.    Denied.  The allegations contained in paragraph 97 constitute conclusions of

law to which no response is required.  By way of further response, Defendant Turner is a

construction company, engaged in the business of performing as either the general

contractor or the construction manager on construction projects for which it is retained.

Turner is not a merchant dealing in conveyor systems to which the implied warranty of

fitness for particular purpose would apply.

98.    Denied.  The allegations contained in paragraph 98 constitute conclusions of

law to which no response is required.  By way of further response, Defendant Turner is a

construction company, engaged in the business of performing as either the general

contractor or the construction manager on construction projects for which it is retained.

Turner is not a merchant dealing in conveyor systems to which the implied warranty of

fitness for particular purpose would apply. To the extent that the allegations contained in

paragraph 98 are factual in nature, Defendant Turner is without knowledge or information

sufficient to form a belief as to those allegations.

99.     Denied. The allegations contained in paragraph 99 constitute conclusions of

law to which no response is required. By way of further response, Defendant Turner is a

construction company, engaged in the business of performing as either the general

contractor or the construction manager on construction projects for which it is retained, and

specifically denies the allegations that it is a merchant dealing in conveyor systems to which

the implied warranty of fitness for particular purpose merchantability would apply. To the

extent that the allegations contained in paragraph 99 are factual in nature, they are denied, as

Defendant Turner is without knowledge or information sufficient to form a belief as to these

allegations.

WHEREFORE, Defendant Turner Construction Company, Inc. respectfully

demands judgment in its favor and against plaintiffs along with fees, costs, interest and other

such relief as the Court deems proper.

### COUNT XV
### PLAINTIFF GEORGE MALTMAN V. DEFENDANT GRAINGER
### INDUSTRIAL SUPPLY
### (WARRANTY FITNESS)

100-105. Count XV of Plaintiffs' Complaint (and paragraphs 100 through 105

therein) contains allegations made only against co-Defendant Grainger Industrial Supply.

There are no allegations in Count XV made against answering Defendants BAE and Taylor, and thus Defendants BAE and Taylor provide no responses.

## COUNT XVI
## PLAINTIFF SUSAN MALTMAN V. DEFENDANTS BAE, BNP, TURNER CONSTRUCTION COMPANY, INC. AND GRAINGER INDUSTRIAL SUPPLY (LOSS OF CONSORTIUM)

106.    Defendants BAE and Turner incorporate by reference the responses contained in paragraphs 1-105 above as though the same were set forth fully at length.

107.    Denied. Defendants BAE and Turner are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 107.

108.    Denied. The allegations contained in paragraph 108 constitute legal conclusions to which no response is required. By way of further response, Defendants BAE and Turner specifically deny the allegation that they were negligent. To the extent that the allegations made in paragraph 108 are factual in nature, they are denied as Defendants BAE and Turner are without knowledge or information sufficient to form a belief as to those allegations.

WHEREFORE, Defendants BAE Automated Systems, Inc. and Turner Construction Company respectfully demand judgment in their favor and against plaintiffs along with fees, costs, interest and other such relief as the Court deems proper.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to properly state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The injuries alleged in plaintiffs' Complaint were not directly or proximately caused by any act, omission, or conduct of BAE or Turner.

## THIRD AFFIRMATIVE DEFENSE

The alleged incident and plaintiff George Maltman's injuries arising therefrom were caused by the negligence, carelessness, recklessness and/or lack of due care exercised by him and/or entities other than BAE and Turner, over whom BAE and Turner had no control whatsoever.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff George Maltman assumed the risk of his alleged injuries.

## FIFTH AFFIRMATIVE DEFENSE

BAE and Turner acted properly towards plaintiff George Maltman at all times pertinent hereto and complied at all times with all applicable internal regulations and governmental and/or industry standards.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or reduced by operation of the applicable contributory and/or comparative negligence law.

Respectfully submitted,

BLANK ROME COMISKY & MCCAULEY LLP

BY: _____
      DAVID N. ZEEHANDELAAR
      BRETT D. STECKER
      One Logan Square
      Philadelphia, PA 19103
      (215) 569-5500

      Counsel for Defendants
      BAE Automated Systems, Inc. and Turner
      Construction Company, Inc.

Dated: July _____, 2002

## CERTIFICATE OF SERVICE

I, Brett D. Stecker, Esquire, hereby certify that I caused to be served a true and correct copy of the foregoing Answer and Affirmative Defenses on behalf of Defendants BAE Automated Systems, Inc. and Turner Construction Company, Inc., via United States First Class Mail, postage prepaid, to counsel of record as noted below:

Theresa M. Simmons, Esq.
Cordisco, Bradway & Simmons
234 Mill St.
Bristol, PA 19007
Counsel for Plaintiffs

Bruce D. Lombardo, Esq.
Sean Duffy, Esq.
Powell, Trachtman, Logan, Carrle, Bowman, & Lombardo
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Counsel for Defendant BNP

Robyn McGrath, Esq.
Sweeney & Sheehan, P.C.
1515 Market Street Suite 1900
Philadelphia, PA 19102
Counsel for Defendant Grainger Industrial Supply

_____
Brett D. Stecker

Dated: July ____, 2002