IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE MALTMAN and | : | CIVIL ACTION |
| SUSAN MALTMAN, h/w | : | |
| | : | |
| v. | : | |
| | : | |
| BAE, BNP, TURNER CONSTRUCTION | : | |
| and GRAINGER INDUSTRIAL SUPPLY | : | NO.: 02-CV-4582 |

**ANSWER OF DEFENDANT, W.W.
GRAINGER, INC. (INCORRECTLY IDENTIFIED AS
"GRAINGER INDUSTRIAL SUPPLY") TO PLAINTIFFS'
COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSSCLAIMS**

1. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this averment. Therefore, same is denied and strict proof is demanded at time of trial.

2. Denied. These averments relate to entities other than Answering Defendant. Therefore, no response is required.

3. Denied. These averments relate to entities other than Answering Defendant. Therefore, no response is required.

4. Denied. These averments relate to entities other than Answering Defendant. Therefore, no response is required.

5. Denied. These averments relate to entities other than Answering Defendant. Therefore, no response is required.

6. Denied. These averments relate to entities other than Answering Defendant. Therefore, no response is required.

7. Denied. These averments relate to entities other than Answering Defendant. Therefore, no response is required.

8. Denied. The correct designation for Defendant is W.W. Grainger, Inc. Defendant, W.W. Grainger, Inc. is an Illinois corporation with a principal place of business in Lake Forest, Illinois. The remaining averments of this paragraph are denied and strict proof is demanded at time of trial.

9. Denied as stated. Defendant, W.W. Grainger, Inc., is engaged in the business of supplying and distributing a wide variety of industrial and commercial products.

10. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this averment. Therefore, same is denied and strict proof is demanded at time of trial.

11. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this averment. Therefore, same is denied and strict proof is demanded at time of trial.

12. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this averment. Therefore, same is denied and strict proof is demanded at time of trial.

13. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this averment. Therefore, same is denied and strict proof is demanded at time of trial.

14. Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this averment. Therefore, same is denied and strict proof is demanded at time of trial.

15. Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this averment. Therefore, same is denied and strict proof is demanded at time of trial.

16. Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this averment. Therefore, same is denied and strict proof is demanded at time of trial.

17. Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this averment. Therefore, same is denied and strict proof is demanded at time of trial.

18. Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this averment. Therefore, same is denied and strict proof is demanded at time of trial.

19. Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this averment. Therefore, same is denied and strict proof is demanded at time of trial.

20. Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this averment. Therefore, same is denied and strict proof is demanded at time of trial.

21. Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this averment. Therefore, same is denied and strict proof is demanded at time of trial.

22. Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this averment. Therefore, same is denied and strict proof is demanded at time of trial.

23. Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this averment. Therefore, same is denied and strict proof is demanded at time of trial.

24. Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this averment. Therefore, same is denied and strict proof is demanded at time of trial.

25. Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this averment. Therefore, same is denied and strict proof is demanded at time of trial.

26. Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this averment. Therefore, same is denied and strict proof is demanded at time of trial.

## COUNT I

## PLAINTIFF, GEORGE MALTMAN v. DEFENDANT, BAE

## STRICT LIABILITY

27-33. Denied. These averments relate to an entity other than Answering Defendant. Therefore, no response is required.

**WHEREFORE,** Defendant, W.W. Grainger, Inc. (Incorrectly Identified as "Grainger Industrial Supply") demands judgment in its favor and against Plaintiff.

## COUNT II

## **PLAINTIFF, GEORGE MALTMAN v. DEFENDANT, BNP**

## **STRICT LIABILITY**

34-40.  Denied.  These averments relate to an entity other than Answering Defendant. Therefore, no response is required.

**WHEREFORE,** Defendant, W.W. Grainger, Inc. (Incorrectly Identified as "Grainger Industrial Supply") demands judgment in its favor and against Plaintiff.

## COUNT III

## **PLAINTIFF, GEORGE MALTMAN v. DEFENDANT, TURNER CONSTRUCTION CO.**

## **STRICT LIABILITY**

41-47.  Denied.  These averments relate to an entity other than Answering Defendant. Therefore, no response is required.

**WHEREFORE,** Defendant, W.W. Grainger, Inc. (Incorrectly Identified as "Grainger Industrial Supply") demands judgment in its favor and against Plaintiff.

## COUNT IV

## **PLAINTIFF, GEORGE MALTMAN v. DEFENDANT, GRAINGER INDUSTRIAL SUPPLY**

## **STRICT LIABILITY**

48.  Answering Defendant incorporates paragraphs 1-47 above as if set forth herein at length.

49.  Denied.  This averment is denied and strict proof is demanded at time of trial.  By way of further answer, the allegation, as it pertains to the "defective" nature of the product, is denied as a conclusion of law to which no response is required.

50. Denied. This averment is denied as a conclusion of law to which no response is required. By way of further answer, the averments of this paragraph are expressly denied and strict proof is demanded at time of trial.

51. Denied. This averment is denied as a conclusion of law to which no response is required. By way of further answer, the averments of this paragraph are expressly denied and strict proof is demanded at time of trial.

52. Denied. This averment is denied as a conclusion of law to which no response is required. By way of further answer, the averments of this paragraph are expressly denied and strict proof is demanded at time of trial.

53. Denied. This averment is denied as a conclusion of law to which no response is required. By way of further answer, the averments of this paragraph are expressly denied and strict proof is demanded at time of trial.

54. Denied. These averments are denied and strict proof is demanded at time of trial.

**WHEREFORE, WHEREFORE,** Defendant, W.W. Grainger, Inc. (Incorrectly Identified as "Grainger Industrial Supply") demands judgment in its favor and against Plaintiff.

## COUNT V

### PLAINTIFF, GEORGE MALTMAN v. DEFENDANT, BAE

### NEGLIGENCE

55-57. Denied. These averments relate to an entity other than Answering Defendant. Therefore, no response is required.

**WHEREFORE,** Defendant, W.W. Grainger, Inc. (Incorrectly Identified as "Grainger Industrial Supply") demands judgment in its favor and against Plaintiff.

## COUNT VI

### PLAINTIFF, GEORGE MALTMAN v. DEFENDANT, BNP

### NEGLIGENCE

58-60. Denied. These averments relate to an entity other than Answering Defendant. Therefore, no response is required.

**WHEREFORE,** Defendant, W.W. Grainger, Inc. (Incorrectly Identified as "Grainger Industrial Supply") demands judgment in its favor and against Plaintiff.

## COUNT VII

### PLAINTIFF, GEORGE MALTMAN v. TURNER CONSTRUCTION

### NEGLIGENCE

61-63. Denied. These averments relate to an entity other than Answering Defendant. Therefore, no response is required.

**WHEREFORE,** Defendant, W.W. Grainger, Inc. (Incorrectly Identified as "Grainger Industrial Supply") demands judgment in its favor and against Plaintiff.

## COUNT VIII

### PLAINTIFF, GEORGE MALTMAN v. DEFENDANT, GRAINGER INDUSTRIAL SUPPLY

### NEGLIGENCE

64. Answering Defendant incorporates paragraphs 1-63 above as if set forth herein at length.

65. Denied. This averment is denied as a conclusion of law to which no response is required. By way of further answer, the averments of this paragraph are expressly denied and strict proof is demanded at time of trial.

66. Denied. These averments are denied and strict proof is demanded at time of trial.

**WHEREFORE,** Defendant, W.W. Grainger, Inc. (Incorrectly Identified as "Grainger Industrial Supply") demands judgment in its favor and against Plaintiff.

### COUNT XI

### PLAINTIFF, GEORGE MALTMAN v. DEFENDANT, BAE

### WARRANTY OF MERCHANTABILITY

67-71. Denied. These averments relate to an entity other than Answering Defendant. Therefore, no response is required.

**WHEREFORE,** Defendant, W.W. Grainger, Inc. (Incorrectly Identified as "Grainger Industrial Supply") demands judgment in its favor and against Plaintiff.

### COUNT X

### PLAINTIFF, GEORGE MALTMAN v. DEFENDANT, BNP

### WARRANTY OF MERCHANTABILITY

72-76. Denied. These averments relate to an entity other than Answering Defendant. Therefore, no response is required.

**WHEREFORE,** Defendant, W.W. Grainger, Inc. (Incorrectly Identified as "Grainger Industrial Supply") demands judgment in its favor and against Plaintiff.

### COUNT XI

### PLAINTIFF, GEORGE MALTMAN v. DEFENDANT, TURNER CONSTRUCTION CO.

### WARRANTY OF MERCHANTABILITY

77-81. Denied. These averments relate to an entity other than Answering Defendant. Therefore, no response is required.

**WHEREFORE,** Defendant, W.W. Grainger, Inc. (Incorrectly Identified as "Grainger Industrial Supply") demands judgment in its favor and against Plaintiff.

## COUNT XII

### PLAINTIFF, GEORGE MALTMAN v. DEFENDANT, GRAINGER INDUSTRIAL SUPPLY

### WARRANTY OF FITNESS

82. Answering Defendant incorporates paragraphs 1-81 above as if set forth herein at length.

83. Denied. This averment is denied and strict proof is demanded at time of trial.

84. Denied. This averment is denied and strict proof is demanded at time of trial.

85. Denied. This averment constitutes a conclusion of law to which no response is required. By way of further answer, the averments of this paragraph are expressly denied and strict proof is demanded at time of trial.

86. Denied. This averment constitutes a conclusion of law to which no response is required. By way of further answer, the averments of this paragraph are expressly denied and strict proof is demanded at time of trial.

87. Denied. These averments are denied and strict proof is demanded at time of trial.

**WHEREFORE,** Defendant, W.W. Grainger, Inc. (Incorrectly Identified as "Grainger Industrial Supply") demands judgment in its favor and against Plaintiff.

## COUNT XIII

### PLAINTIFF, GEORGE MALTMAN v. DEFENDANT, BNP

### WARRANTY OF FITNESS

88-93. Denied. These averments relate to an entity other than Answering Defendant. Therefore, no response is required.

**WHEREFORE,** Defendant, W.W. Grainger, Inc. (Incorrectly Identified as "Grainger Industrial Supply") demands judgment in its favor and against Plaintiff.

## COUNT XIV

**PLAINTIFF, GEORGE MALTMAN v.
DEFENDANT, TURNER CONSTRUCTION CO.**

**WARRANTY OF FITNESS**

94-99.   Denied.  These averments relate to an entity other than Answering Defendant.  Therefore, no response is required.

**WHEREFORE,** Defendant, W.W. Grainger, Inc. (Incorrectly Identified as "Grainger Industrial Supply") demands judgment in its favor and against Plaintiff.

**COUNT XV**

**PLAINTIFF, GEORGE MALTMAN v.
DEFENDANT, GRAINGER INDUSTRIAL SUPPLY**

**WARRANTY FITNESS**

100.   Answering Defendant incorporates paragraphs 1-99 above as if set forth herein at length.

101.   Denied.  This averment is denied and strict proof is demanded at time of trial.

102.   Denied.  This averment is denied and strict proof is demanded at time of trial.

103.   Denied.  This averment is denied as a conclusion of law to which no response is required.  By way of further answer, this averment is expressly denied and strict proof is demanded at time of trial.

104.   Denied.  This averment is denied as a conclusion of law to which no response is required.  By way of further answer, this averment is expressly denied and strict proof is demanded at time of trial.

105.   Denied.  This averment is denied and strict proof is demanded at time of trial.

**WHEREFORE,** Defendant, W.W. Grainger, Inc. (Incorrectly Identified as "Grainger Industrial Supply") demands judgment in its favor and against Plaintiff.

## COUNT XVI

## PLAINTIFF, SUSAN MALTMAN v. DEFENDANTS

106. Answering Defendant incorporates paragraphs 1-105 above as if set forth herein at length.

107. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this averment. Therefore, same are denied and strict proof is demanded at time of trial.

108. Denied. These averments are denied and strict proof is demanded at time of trial.

**WHEREFORE,** Defendant, W.W. Grainger, Inc. (Incorrectly Identified as "Grainger Industrial Supply") demands judgment in its favor and against Plaintiff.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' injuries, if any, were caused by the negligence and/or liability producing acts or omissions of parties or other entities over whom Answering Defendant neither has control nor the ability to control.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' cause of action is barred by the contributory negligence of Plaintiffs.

## THIRD AFFIRMATIVE DEFENSE

The provisions of the Pennsylvania Comparative Negligence Act, 42 Pa. C.S.A. §7102, et seq., apply in this case to limit or bar Plaintiffs' cause of action.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of his own conduct.

## FIFTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' cause of action is barred by the applicable Statute of Repose.

**EIGHTH AFFIRMATIVE DEFENSE**

In the event that the Plaintiffs request damages for delay pursuant to Pa. R.Civ.P. 238, Answering Defendant challenges the applicability and constitutionality of said Rule, and places same at issue.

**NINTH AFFIRMATIVE DEFENSE**

The loss of consortium claim of the Wife-Plaintiff, being derivative in nature, is barred by the contributory negligence, comparative negligence and/or the assumption of the risk of the Husband-Plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's injuries, if any, were caused by the alteration, modification and/or abuse of the aforesaid product by others outside the control of Answering Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

In the event that the aforesaid product is said to have been in contact with Plaintiff, Answering Defendant avers that such product was substantially altered, modified, contaminated and/or otherwise changed from the time said product left the hands of Answering Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's injuries, if any, were caused by the abuse and/or misuse of the product in question.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' breach of warranty claim must fail for lack of notice.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' breach of warranty claim must fail for lack of privity.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claim is barred in that any warranties were effectively disclaimed, limited and/or modified.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, and the claims raised therein, may be barred by estoppel, waiver, payment or release.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, and the claims raised therein, may be barred by the doctrine of laches.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The sole proximate cause of Plaintiffs' injuries, damages or losses as alleged in Plaintiffs' Complaint was the negligence, carelessness, breach of contract, breach of warranties, breach of duties or obligations of others over whom this party had neither control nor the right of control.

### NINETEENTH AFFIRMATIVE DEFENSE

Answering Defendant denies that Plaintiffs are entitled to attorney's fees and costs under set of circumstances regarding this litigation.

**WHEREFORE**, Answering Defendant, W.W. Grainger, Inc. demands judgment in its favor.

### CROSSCLAIM

### W.W. GRAINGER, INC. v. BAE, BNP AND TURNER CONSTRUCTION CO.

1. Defendants, BAE, BNP and/or Turner Construction, are solely liable to Plaintiffs, George and Susan Maltman, for the injuries and damages complained of by Plaintiffs in their Complaint.

2. In the alternative, Defendant, W.W. Grainger, Inc., avers that Defendants, BAE, BNP and Turner Construction Co. are jointly and/or severally liable with Answering Defendant or are liable over to Answering Defendant for indemnification and/or contribution any liability on the part of Answering Defendant being expressly denied.

**WHEREFORE,** Defendant, W.W. Grainger, Inc., demands judgment in its favor and against Defendants, BAE, BNP and Turner Construction Co.

**SWEENEY & SHEEHAN**

                BY:_____
                    ROBYN F. McGRATH
                    Attorney for Defendant,
                    W.W. Grainger, Inc. (Incorrectly
                    Identified as "Grainger Industrial Supply")

DATE: July 12, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE MALTMAN and<br>SUSAN MALTMAN, h/w | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BAE, BNP, TURNER CONSTRUCTION<br>and GRAINGER INDUSTRIAL SUPPLY | : | NO.: 02-CV-4582 |

## CERTIFICATION OF SERVICE

I hereby certify that the following counsel of record were served with a true and correct copy of the Answer of Defendant, W.W. Grainger, Inc. (Incorrectly Identified as "Grainger Industrial Supply") to Plaintiffs' Complaint with Affirmative Defenses and Crossclaims in the above-captioned matter by U.S. Postal Service, First Class Mail on July 12, 2002:

Theresa M. Simmons, Esquire
**Cordisco, Bradway & Simmons**
234 Mill Street
Bristol, PA 19007

Brett D. Stecker, Esquire
**Blank, Rome, Comisky & McCauley**
One Logan Square
Philadelphia, PA 19103-6998

Bruce D. Lombardo, Esquire
Sean Duffy, Esquire
**Powell Trachtman**
475 Allendale Road, Suite 200
King of Prussia, PA 19406

Richard Beck, Esquire
**Klehr, Harrison, Harvey,**
   **Branzburg & Ellers**
260 S. Broad Street
Philadelphia, PA 19102

**SWEENEY & SHEEHAN**

By:_____
   Robyn F. McGrath
   Attorney for Defendant,
   W.W. Grainger, Inc. (Incorrectly
   Identified as "Grainger Industrial Supply")