IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| George Maltman and Susan Maltman, h/w, <br><br>    Plaintiffs, <br><br>    v. <br><br>BAE Automated Systems, Inc. <br><br>    and <br><br>BNP Associates, Inc. <br><br>    and <br><br>Turner Construction Company, Inc. <br><br>    and <br><br>W.W. Grainger Inc. <br>    Defendants. | Civil Action No: 02-CV-4582 |

**MOTION OF DEFENDANTS, BAE AUTOMATED SYSTEMS, INC.
AND TURNER CONSTRUCTION COMPANY, INC.,
<u>FOR LEAVE TO FILE AN AMENDED ANSWER</u>**

Defendants, BAE Automated Systems, Inc. and Turner Construction Company, Inc. ("Moving Defendants"), by and through their undersigned counsel, hereby move this Court for leave to file an amended answer to Plaintiffs' complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure to add newly discovered information that: (1) clarifies Moving Defendants' responses to Plaintiffs' factual allegations; and (2) sets forth more specific affirmative defenses.

In support of their motion, Moving Defendants incorporate fully herein by reference the accompanying Memorandum of Law and attach its proposed amended answer thereto as Exhibit "A."

<div style="margin-left:3em">

Respectfully submitted,

BLANK ROME COMISKY McCAULEY LLP

BY:_____
DAVID N. ZEEHANDELAAR
ELAINE D. SOLOMON
KIRA F. SPAMAN

Attorneys for Defendants,
BAE Automated Services, Inc. and Turner
Construction Company, Inc.

</div>

Dated: September    , 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| George Maltman and Susan Maltman, h/w, : : : Plaintiffs, : : v. : : BAE Automated Systems, Inc. : : and : : BNP Associates, Inc. : : and : : Turner Construction Company, Inc. : : and : : W.W. Grainger Inc. : : Defendants. : : | Civil Action No: 02-CV-4582 |

### ORDER

AND NOW, this ___ day of _____, 2002, upon consideration of the motion of Defendants, BAE Automated Systems, Inc. and Turner Construction Company, Inc. to file an amended answer and their memorandum of law in support thereof, it is hereby

**ORDERED** and **DECREED** that said motion is **GRANTED**.

It is further **ORDERED** and **DECREED** that the proposed amended answer, attached as Exhibit "A" to Defendants' memorandum, is deemed **FILED**. All parties shall therefore answer or otherwise plead in accordance with the requirements of the Federal Rules of Civil Procedure.

By the Court:

_____

O'Neill, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| George Maltman and Susan Maltman, h/w,  :<br>      Plaintiffs,  :<br>            :<br>    v.  :<br>            :<br>BAE Automated Systems, Inc.  :<br>    and  :<br>BNP Associates, Inc.  :<br>    and  :<br>Turner Construction Company, Inc.  :<br>    and  :<br>W.W. Grainger Inc.  :<br>      Defendants.  : | Civil Action No: 02-CV-4582 |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANTS, BAE AUTOMATED SYSTEMS, INC. AND TURNER CONSTRUCTION COMPANY, INC., FOR LEAVE TO FILE AN AMENDED ANSWER**

Defendants, BAE Automated Systems, Inc. ("BAE") and Turner Construction Company, Inc. ("Turner") (collectively "Moving Defendants"), by and through their undersigned counsel, hereby submit this memorandum of law in support of their motion for leave to file an amended answer to Plaintiffs' complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.

I.  **INTRODUCTION**

Plaintiffs George Maltman and Susan Maltman instituted this action by filing a complaint on June 4, 2002 against four defendants, including BAE and Turner, alleging personal injuries sustained at the Philadelphia International Airport.[1] Plaintiff George Maltman alleges that his hand became lodged in the "nip" point of an oversize baggage conveyor system (the "system") at which he was working during the course of his employment with US Airways. The complaint alleges principally that the system was defective and includes claims for strict product liability, negligence, and breach of warranty of merchantability and fitness. Plaintiff Susan Maltman asserts a loss of consortium claim.

BAE and Turner filed a timely answer to Plaintiffs' complaint on July 17, 2002. Since then, Moving Defendants have been independently investigating the circumstances surrounding the sale of the system and have only recently clarified the specific roles of Moving Defendants with respect to design, manufacture, installation and sale. Specifically, BAE constructed the system pursuant to design specifications prepared by co-Defendant BNP Associates, Inc. ("BNP"). After completion of the system in June 1998, BAE sold it to US Airways, who later modified and/or had third parties modify both the system's physical and electrical configurations. In addition, Turner was a construction manager who had no role in the system's manufacture, construction or sale.

Because no formal discovery has been taken – indeed, a discovery schedule has not yet been set – and because no court-ordered proceedings, including scheduling and pretrial

---

[1]  Plaintiffs originally filed their complaint in the Philadelphia County Court of Common Pleas. Thereafter, on July 11, 2002, BAE and Turner successfully removed the case to Federal Court based on diversity of citizenship between the parties. Therefore, the instant motion is properly before this Court.

conferences have taken place, Plaintiffs' will not be prejudiced in any way by allowing Moving Defendants leave to amend.

Therefore, Moving Defendants' seek leave to file an amended answer clarifying their responses to Plaintiffs' factual allegations regarding their roles with respect to the design, manufacture and sale of the system and sets forth more specific affirmative defenses. See Moving Defendants' Proposed Amended Answer, a true and correct copy of which is attahced hereto as Exhibit "A." Specifically, BAE seeks to add substantial product modification and product misuse as defenses to Plaintiffs' defect-based claims. See Exhibit "A." Moving Defendants also seek to add lack of notice, lack of privity, and disclaimer as defenses to Plaintiffs' warranty claims. Id. Finally, Turner seeks to add as a defense to the warranty claims that it is not a "merchant" engaged in the sale of conveyor systems. Id.

## II. LEGAL ARGUMENT

### A. This Court Should Grant Defendants' Motion Because Leave to Amend Is Liberally Granted Under Federal Rule Of Civil Procedure 15(a)

Leave to amend pleadings "shall be freely given when justice so requires." See Fed.R.Civ.P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962) (stating that Rule 15's mandate to freely give leave to amend "is to be heeded"); Shane v. Fauver, 213 F.3d 113, 115-117 (3d Cir. 2000); Hairston-Lash v. R.J.E Telecom, Inc., 2000 U.S. Dist. LEXIS 15697 *1, *3 (E.D. Pa. 2000). This broad and permissive standard is designed to effectuate the underlying purpose of Rule 15 and the Federal Rules of Civil Procedure, generally, which is to liberally allow parties to amend their pleadings to facilitate the resolution of cases on the merits and in the interest of justice. See Foman, 371 U.S. at 182; Adams v. Gould, Inc., 739 F.2d 858, 864 (3d Cir. 1984) ("This liberal amendment philosophy limits the district court's discretion

to deny leave to amend."); Berkshire Fashions, Inc. v. The M.V. Hakusan II, 954 F.2d 874, 887 (3d Cir. 1992).

A court may deny a request for leave to amend an answer *only* when doing so would unduly prejudice the non-moving party. See Foman, 371 U.S. at 182; Adams, 739 F.2d at 864, 868; Lorenz v. CSX Corp., 1 F.3d 1406, 1413-1414 (3d Cir. 1993); Hairston-Lash, 2000 U.S. Dist. LEXIS 15697 at * 4-*5. Undue prejudice is, indeed, "…the touchstone for the denial of an amendment" and means undue difficulty in prosecuting or defending an action caused by a change in tactics or theories on the part of the other party. See Lorenz, 1 F.3d at 1414; Hairston-Lash, 2000 U.S. Dist. LEXIS 15697 at *5. Merely incurring additional counsel fees, delay in the movement of the case, and inconvenience, for example, do not constitute undue prejudice. Id.; Cuffy v. Getty Refining and Mktg. Co., 648 F.Supp. 802, 806 (D. Del. 1986).

In accordance with the Federal Rules' liberal amendment philosophy, this Circuit traditionally grants defendants leave to amend their answers, not only to add affirmative defenses, but to clarify their responses to factual allegations as well. See e.g., Shorb v. Airco, Inc., 644 F. Supp. 923, 934 (E.D. Pa. 1983); Lantz v. Hospital of the Univ. of Pennsylvania, 1997 U.S. Dist. LEXIS 10325 *1 (E.D. Pa. 1997); The Mennen Co. v. Atlantic Mut. Ins. Co., 1996 U.S. Dist. LEXIS 20508 *1, *23 (D. N.J. 1996) (granting the defendants leave to amend their answer to "…make several other technical changes to clarify their admissions…."); Wausau Underwriters Ins. Co. v. Shisler, 190 F.R.D. 341, 344 (E.D. Pa. 1999); IMS Health, Inc. Vality Tech., Inc., 2000 U.S. Dist. LEXIS 8635 *1, *8 (E.D. Pa. 2000); Hairston-Lash, 2000 U.S. Dist. LEXIS 15697 at * 9.

For instance, in Hairston-Lash, five months after filing their original answer and shortly before a court-ordered discovery deadline, the defendants filed a motion for leave to amend their answer to add additional affirmative defense to the plaintiff's complaint. See 2000 U.S. Dist. LEXIS 15697 at *1 and *8. The defendants moved the court for leave at this time only after unveiling specific allegations, which were related to plaintiff's claim, during discovery. Id. at *6.

"Despite the fact that the Defendants' motion was filed on the eve of the discovery deadline and five months after their original answer, the proposed amendments will not…have a prejudicial effect on the Plaintiff." Id. at *7. The defenses sought to be added addressed solely legal issues and required minimal additional litigation preparation. Id. Consequently, the plaintiff was not "deprived of an opportunity to present facts or evidence" that it would have offered had the amendments been sought earlier. Id. at *8. Further, the trial date had not been set thus allowing the plaintiff additional preparation time without delaying any proceedings. Id. The Court, therefore, granted the motion for leave.

Unlike the procedural posture in Hairston-Lash, ***this case is in its infancy***. The plaintiffs filed their complaint less than four months ago and Moving Defendants filed their original answer only two months ago. No discovery has been taken and no preliminary proceedings have occurred.[2]

Due to the complexity of the design, manufacture, sale, installation and post-sale modifications regarding the subject system and the number of entities involved in this process, it has taken a few months of investigation for Moving Defendants to clarify the

---

[2] A pretrial conference is currently scheduled for Monday, October 21, 2002.

roles of all involved. This new information gives rise to the requested amendments. See Exhibit "A." Moving Defendants filed this motion shortly after learning these facts. Since the litigation has just begun, Plaintiffs will have ample time to develop during discovery, once it starts, facts and evidence to respond to the proposed amendments. Under these circumstances, Plaintiffs will be in no way prejudiced by allowing Moving Defendants leave to amend their answer. Accordingly, this Court should grant the Moving Defendants' motion in the liberal spirit of the Federal Rules of Civil Procedure.

    **B.    This Court Should Grant Defendants' Motion For Leave to Amend Because No Other Basis Exists For Denial.**

In the absence of undue prejudice, denial of leave to amend *must* be based on: (i) bad faith or dilatory motive, (ii) undue or unexpected delay, i.e., delay in the proceedings not delay in amending the pleadings, (iii) repeated failures to cure the deficiency by amendments previously allowed, or (iv) futility of amendment, i.e., when no set of facts can be proved under the proposed amendment that would constitute a valid defense. See Foman, 371 U.S. at 182; Adams, 739 F.2d at 864, 868; Lorenz, 1 F.3d at 1413-1414; Hariston-Lash, 2000 U.S. Dist. LEXIS 15697 at * 4-*5; Wausau Underwriters Ins. Co. v. Shisler, 190 F.R.D. 341, 343 (E.D. Pa. 1999).

    First, by seeking leave to file an amended answer, defense counsel are simply protecting their clients' interests upon clarifying the factual background for this case. Second, as discussed above, allowing leave to amend in this case will result in no delay because the litigation has only just begun. Third, Moving Defendants seek leave to amend for the first time herein since the initiation of this case and they have, therefore, not failed to cure deficiencies by previously allowed amendments.

Finally, Moving Defendants' proposed amendments are not futile. The recently learned facts, e.g., BNP prepared the design specifications, BAE constructed the system and sold it to US Airways, US Airways had the system physically and electronically modified, clarify Moving Defendants' roles regarding the system's design, manufacture and sale. Significantly, they also support the proposed additional affirmative defenses, which could absolve BAE and Turner of any potential liability. For these reasons, the proposed amendments are not futile.

### III.  CONCLUSION

No bases exist for denying Moving Defendants' motion for leave to file an amended answer to Plaintiffs' complaint. Every reason, however, exists for allowing leave. Accordingly, Moving Defendants' motion should be granted.

                    Respectfully submitted,

                    BLANK ROME COMISKY McCAULEY LLP


                    BY:_____
                        DAVID N. ZEEHANDELAAR
                        ELAINE D. SOLOMON
                        KIRA F. SPAMAN

                        Attorneys for Defendants,
                        BAE Automated Services, Inc. and Turner
                        Construction Company, Inc.

Dated: September 24, 2002

## CERTIFICATE OF SERVICE

I, Kira F. Spaman, hereby certify that a true and correct copy of the foregoing motion of Defendants, BAE Automated Services, Inc. and Turner Construction Company, Inc., for leave to file an amended answer to Plaintiffs' complaint and supporting memorandum of law was served this 24th day of September, 2002 via first class mail, postage prepaid on counsel of record as noted below:

Theresa M. Simmons, Esq.
Cordisco, Bradway & Simmons
234 Mill St.
Bristol, PA 19007
Counsel for Plaintiffs

Andrew Fylypovych
McKissock & Hoffman
1700 Market Street – Thirtieth Floor
Philadelphia, PA 19103
Counsel for Defendant BNP Associates, Inc.

Robyn McGrath, Esq.
Sweeney & Sheehan, P.C.
1515 Market Street Suite 1900
Philadelphia, PA 19102
Counsel for Defendant W.W. Grainger, Inc.

_____
Kira F. Spaman