IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

George Maltman and                              :
Susan Maltman, h/w,                             :
                        Plaintiffs,             :
                                                :          Civil Action No: 02-CV-45-82
                v.                              :
                                                :
BAE Automated Systems, Inc.                     :
                                                :
        and                                     :
                                                :
BNP Associates, Inc.                            :
                                                :
        and                                     :
                                                :
Turner Construction Company, Inc.               :
                                                :
        and                                     :
                                                :
W.W. Grainger Inc.                              :
                                                :
                        Defendants.             :
_____:

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS BAE AUTOMATED SYSTEMS, INC. AND TURNER CONSTRUCTION COMPANY, INC. TO THE COMPLAINT OF PLAINTIFFS GEORGE AND SUSAN MALTMAN

Defendants BAE Automated Systems, Inc. ("BAE") and Turner Construction Company, Inc. ("Turner"), by and through their undersigned counsel, hereby respond to Plaintiffs' Complaint as follows:

1.      Denied.  Defendants BAE and Turner are without knowledge or information sufficient to form a belief as to Plaintiffs' residence.

2.      Admitted in part and denied in part.  It is admitted that BAE had been engaged in the business of manufacturing and selling conveyor systems throughout the

United States and regularly conducts business in the City of Philadelphia and Commonwealth of Pennsylvania. These allegations are denied, however, to the extent that they imply that BAE is a domiciliary of the Commonwealth of Pennsylvania. By way of clarification, BAE is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located in Carrollton, Texas. Further, the allegation that BAE is engaged in the business of designing conveyor systems is specifically denied.

3.    Admitted in part and denied in part. It is admitted only that BAE had been in the business of manufacturing, constructing and selling conveyor systems throughout the United States. It is specifically denied that BAE is or was engaged in the business of designing conveyor systems.

4.    Admitted in part and denied in part. It is admitted, upon information and belief, that Defendant BNP is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business located at 101 East Ridge Office Park, Suite 103, in Danbury, Connecticut. Defendants BAE and Turner are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 4, and they are therefore denied.

5.    Denied. Defendants BAE and Turner are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5, and they are therefore denied.

6.    Admitted in part and denied in part. It is admitted that Turner is a corporation doing business in the City of Philadelphia and the Commonwealth of

Pennsylvania. It is further admitted that Turner has a registered office at c/o CT

Corporation System, 1635 Market Street, Philadelphia, Pennsylvania. However, the

allegation that Turner is a domiciliary of the Commonwealth of Pennsylvania is specifically

denied. Turner is a corporation organized and existing under the laws of the State of New

York and maintaining its principal place of business at 375 Hudson Street, New York, New

York.

7.      Denied. Defendant Turner is a construction company, engaged in the

business of performing as either the general contractor or the construction manager on

construction projects for which it is retained. Defendant Turner specifically denies the

allegation that it is "engaged in the business of distribution and installation of conveyor

systems."

8.      Denied. Defendants BAE and Turner deny the allegations contained in

paragraph 8 to the extent that they imply that Defendant Grainger Industrial Supply

("Grainger") is a domiciliary of the State of New Jersey and/or the Commonwealth of

Pennsylvania. Upon information and belief, Grainger is a corporation organized and

existing under the laws of the State of Illinois, with its principal place of business located in

Lake Forest, Illinois. Defendants BAE and Turner further deny the remaining allegations

contained in paragraph 8, as BAE and Turner are without knowledge or information

sufficient to form a belief as to those allegations.

9.      Denied. Defendants BAE and Turner are without knowledge or information

sufficient to form a belief as to the allegations contained in paragraph 9, and they are

therefore denied.

10.    Admitted upon information and belief.

11.    Denied as stated. Defendant BAE manufactured the new luggage conveyor system at the Terminal 1 Project at Philadelphia International Airport pursuant to design specifications prepared by Defendant BNP Associates, Inc. ("BNP"). However, the allegation that Defendant BAE designed the conveyor system is specifically denied.

12.    Denied as stated. Defendant Turner is the construction manager for the construction of the Terminal 1 project at Philadelphia International Airport. Defendant Turner specifically denies the allegations that it "built the new US Airways terminal" or that it "distributed and installed the conveyor luggage system." Further, the allegation that Defendant BAE designed the conveyor system is specifically denied.

13.    Admitted upon information and belief.

14.-23. Denied. Defendants BAE and Turner are without knowledge or information sufficient to form a belief as to the allegations contained in these paragraphs and they are therefore denied.

24.    Admitted as stated. However, the inference that such a cord or rope was required or necessary, is denied.

25.    Denied. Defendants BAE and Turner are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25, and they are therefore denied.

26.    Denied. It is specifically denied that BAE worked and/or consulted with US Airways after the conveyor system was manufactured and installed. It is further specifically denied that BAE designed the conveyor system and inspected it after installation. By way of

clarification, BAE was contractually required to manufacture, construct and sell the conveyor system to US Airways. BAE's contractual duties included nothing more than the manufacture, construction and sale of the conveyor system. BAE manufactured the conveyor system pursuant to design specifications, which were prepared by BNP. After manufacture and installation, BAE sold the system to US Airways and, thereby, relinquished any and all responsibility for the system.

**COUNT I**
**PLAINTIFF GEORGE MALTMAN V. DEFENDANT BAE AUTOMATED**
**SYSTEMS, INC.**
**(STRICT LIABILITY)**

27.    Defendant BAE incorporates by reference the responses contained in paragraphs 1-26 above as though the same were set forth fully at length.

28.    Denied. The allegations contained in paragraph 28 constitute conclusions of law to which no response is required, and they are therefore denied. By way of further response, Defendant BAE specifically denies the allegation that it was the manufacturer and/or supplier of a "defective conveyor system."

29.    Denied. The allegations contained in paragraph 29 constitute conclusions of law to which no response is required, and they are therefore denied. By way of further response, Defendant BAE specifically denies the allegations that it sold a conveyor "in a defective condition" or which was "unreasonably dangerous to the ultimate users."

30.    Denied. The allegations contained in paragraph 30 constitute conclusions of law to which no response is required, and they are therefore denied.

31.    Denied. The allegations contained in paragraph 31 constitute conclusions of law to which no response is required, and they are therefore denied. To the extent that the

allegations in paragraph 31 are factual in nature, Defendant BAE is without knowledge or information sufficient to form a belief as to these allegations.

32.    Denied.  The allegations contained in paragraph 32 constitute conclusions of law to which no response is required, and they are therefore denied.  By way of further response, Defendant BAE specifically denies the allegations contained in paragraph 32 that the conveyor was defective and unreasonably dangerous in any way; that it was defectively manufactured in any way; that it was defectively designed in any way; that it lacked adequate warnings of any kind; or that it did not have a proper emergency stop system or control. Moreover, Defendant BAE specifically denies the allegation that the conveyor was improperly installed in any way.

35.[1]    Denied.  The allegations contained in paragraph 35 constitute conclusions of law to which no response is required, and they are therefore denied.  By way of further response, BAE specifically denies the allegation that it was the designer of a "defective conveyor system."

36.    Denied.  The allegations contained in paragraph 36 constitute conclusions of law to which no response is required, and they are therefore denied.  By way of further response, BAE specifically denies that it designed the conveyor system and did so "in a defective condition, unreasonably dangerous to the ultimate users."

37.    Denied.  See response to paragraph 30 above.[2]

38.    Denied.  See response to paragraph 31 above.

---

[1] Plaintiffs' Complaint does not contain paragraphs 33-34, the next numbered paragraph following paragraph 32 is paragraph 35.
[2] Paragraphs 37-39 of Plaintiffs' Complaint repeat verbatim the allegations contained in paragraphs 30-32.

39.    Denied.  See response to paragraph 32 above.

40.    Denied.  The allegations contained in paragraph 40 constitute conclusions of law to which no response is required, and they are therefore denied.  By way of further response, Defendant BAE specifically denies the allegation that Plaintiff George Maltman was injured "as a direct and proximate result of the defective conveyor system."  To the extent that the remaining allegations contained in paragraph 40 are factual in nature, they are denied as Defendant BAE is without knowledge or information sufficient to form a belief as to those allegations.

WHEREFORE, Defendant BAE Automated Systems, Inc. respectfully demands judgment in its favor and against plaintiffs along with fees, costs, interest and other such relief as the Court deems proper.

**COUNT III**
**PLAINTIFF GEORGE MALTMAN V. DEFENDANT TURNER**
**CONSTRUCTION COMPANY, INC.**
**(STRICT LIABILITY)[3]**

41.    Defendant Turner incorporates by reference the responses contained at paragraphs 1-40 as though the same were set forth fully at length.

42.    Denied.  The allegations contained in paragraph 42 constitute conclusions of law to which no response is required, and they are therefore denied.  By way of further response, Defendant Turner specifically denies the allegation that it was the supplier and/or installer of a "defective conveyor system."  Defendant Turner is a construction company, engaged in the business of performing as either the general contractor or the construction manager on construction projects for which it is retained.

43.    Denied.  The allegations contained in paragraph 43 constitute conclusions of law to which no response is required, and they are therefore denied.  By way of further response, Defendant Turner specifically denies the allegation that it sold any conveyor system "in a defective condition, unreasonably dangerous to the ultimate users."  Defendant Turner is a construction company, engaged in the business of performing as either the general contractor or the construction manager on construction projects for which it is retained.

44.    Denied.  The allegations contained in paragraph 44 constitute conclusions of law to which no response is required, and they are therefore denied.

45.    Denied.  The allegations contained in paragraph 45 constitute conclusions of law to which no response is required, and they are therefore denied.  To the extent that the allegations in paragraph 45 are factual in nature, Defendant Turner is without knowledge or information sufficient to form a belief as to these allegations.

46.    Denied.  The allegations contained in paragraph 46 constitute conclusions of law to which no response is required, and they are therefore denied.  By way of further response, Defendant Turner specifically denies the allegations contained in paragraph 46 that it manufactured, designed, or installed the conveyor system.  Defendant Turner is a construction company, engaged in the business of performing as either the general contractor or the construction manager on construction projects for which it is retained.

47.    Denied.  The allegations contained in paragraph 47 constitute conclusions of law to which no response is required, and they are therefore denied.  To the extent that the

---

[3] Plaintiffs' Complaint does not contain a "Count II"; the next Count following Count I is labeled "Count III".

remaining allegations contained in paragraph 47 are factual in nature, they are denied as Defendant Turner is without knowledge or information sufficient to form a belief as to those allegations.

WHEREFORE, Defendant Turner Construction Company respectfully demands judgment in its favor and against plaintiffs along with fees, costs, interest and other such relief as the Court deems proper.

### COUNT IV
### PLAINTIFF GEORGE MALTMAN VS. DEFENDANT GRAINGER INDUSTRIAL SUPPLY
### (STRICT LIABILITY)

48-54. Denied. The allegations contained in these paragraphs are directed to defendants other than BAE and Turner and they are therefore denied.

### COUNT V
### PLAINTIFF GEORGE MALTMAN VS. DEFENDANT BAE AUTOMATED SYSTEMS, INC.
### (NEGLIGENCE)

55.     Defendant BAE incorporates by reference the responses contained in paragraphs 1-54 above as though the same were set forth fully at length.

56.     Denied. The allegations contained in paragraph 56 constitute conclusions of law to which no response is required, and they are therefore denied. By way of further response, Defendant BAE specifically denies that Plaintiff George Maltman's alleged injuries were "proximately caused by the negligence and carelessness of the Defendant." Moreover, Defendant BAE specifically denies the allegations that it failed to properly analyze and inspect the conveyor belt, that it improperly installed the conveyor belt or any of its components in any way; that it failed to place adequate warnings on the conveyor belt, that it

failed to warn any party about the alleged dangerous condition of the conveyor belt, or that it failed to adequately maintain the conveyor system in a safe manner.

57.    Denied.  The allegations contained in paragraph 57 constitute conclusions of law to which no response is required, and they are therefore denied.  By way of further response, Defendant BAE specifically denies the allegation that Plaintiff George Maltman was injured "as a direct and proximate result of the Defendants' negligence."  To the contrary, Defendant BAE acted properly and with due care at all times.  To the extent that the remaining allegations contained in paragraph 57 are factual in nature, they are denied as Defendant BAE is without knowledge or information sufficient to form a belief as to those allegations.

WHEREFORE, Defendant BAE Automated Systems, Inc. respectfully demands judgment in its favor and against plaintiffs along with fees, costs, interest and other such relief as the Court deems proper.

## COUNT VI
### PLAINTIFF GEORGE MALTMAN V. DEFENDANT BNP
### (NEGLIGENCE)

58-60.  Denied.  The allegations contained in these paragraphs are directed to defendants other than BAE and Turner and they are therefore denied.

## COUNT VII
### PLAINTIFF GEORGE MALTMAN V. DEFENDANT TURNER
### CONSTRUCTION COMPANY, INC.
### (NEGLIGENCE)

61.    Defendant Turner incorporates by reference the responses contained at paragraphs 1-60 as though the same were set forth fully at length.

62.    Denied. The allegations constitute conclusions of law to which no response is required, and they are therefore denied. By way of further response, Defendant Turner specifically denies the allegation that it acted negligently or carelessly in any way. Moreover, Defendant Turner specifically denies the allegations that it improperly analyzed, inspected, installed, or maintained the conveyor system in any way or that it failed to adequately warn or advise anyone of any alleged dangerous condition. Defendant Turner is a construction company, engaged in the business of performing as either the general contractor or the construction manager on construction projects for which it is retained, and is not in the business of designing, installing, maintaining, or analyzing conveyor systems.

63.    Denied. The allegations contained in paragraph 63 constitute conclusions of law to which no response is required, and they are therefore denied. By way of further response, Defendant Turner specifically denies the allegation that Plaintiff George Maltman was injured "as a direct and proximate result of the Defendants' negligence." To the contrary, Defendant Turner acted properly and with due care at all times. To the extent that the remaining allegations contained in paragraph 63 are factual in nature, they are denied as Defendant Turner is without knowledge or information sufficient to form a belief as to those allegations.

WHEREFORE, Defendant Turner Construction Company respectfully demands judgment in its favor and against plaintiffs along with fees, costs, interest and other such relief as the Court deems proper.

## COUNT VIII
## PLAINTIFF GEORGE MALTMAN V. DEFENDANT GRAINGER
## INDUSTRIAL SUPPLY
## (NEGLIGENCE)

64-66.  Denied.  The allegations contained in these paragraphs are directed to

defendants other than BAE and Turner and they are therefore denied.

## COUNT XI[4]
## PLAINTIFF GEORGE MALTMAN VS. DEFENDANT BAE AUTOMATED
## SYSTEMS, INC.
## (WARRANTY OF MERCHANTABILITY)

67.    Defendant BAE incorporates by reference the responses contained in

paragraphs 1-66 above as though the same were set forth fully at length.

68.    Denied.  The allegations contained in paragraph 68 constitute legal

conclusions to which no response is required, and they are therefore denied.  The remaining

factual allegations contained in paragraph 68 are also denied, as Defendant BAE is without

knowledge or information to form a belief as to those allegations.

69.    Denied.  The allegations contained in paragraph 69 constitute conclusions of

law to which no response is required, and they are therefore denied.  By way of further

response, Defendant BAE specifically denies the allegations that it breached an implied

warranty of merchantability for the conveyor system or that the conveyor system was not fit

for the ordinary and/or specific purposes for which it was intended.  To the contrary, the

conveyor system was fit for the ordinary and specific purposes for which it was intended,

and BAE never breached an implied warranty of merchantability with respect to this

product.

---

[4] Plaintiffs' Complaint has labeled the claim following Count VIII as "Count XI" instead of "Count IX".

70.     Denied. The allegations contained in paragraph 70 constitute conclusions of law to which no response is required, and they are therefore denied. By way of further response, Defendant BAE specifically denies the allegations that it breached an implied warranty of merchantability for the conveyor system, or that any such alleged breach was a "substantial factor" in causing the injuries claimed by Plaintiff George Maltman. To the extent that the allegations contained in paragraph 70 are factual in nature, they are denied, as Defendant BAE is without knowledge or information sufficient to form a belief as to these allegations.

71.     Denied. The allegations contained in paragraph 71 constitute conclusions of law to which no response is required, and they are therefore denied. By way of further response, Defendant BAE specifically denies the allegation that Plaintiff George Maltman was injured "as a direct and proximate result of the Defendant's breach of the implied warranty of merchantability." To the contrary, Defendant BAE never breached an implied warranty of merchantability with respect to this product. To the extent that the allegations contained in paragraph 71 are factual in nature, they are denied as Defendant BAE is without knowledge or information sufficient to form a belief as to those allegations.

WHEREFORE, Defendant BAE Automated Systems, Inc. respectfully demands judgment in its favor and against plaintiffs along with fees, costs, interest and other such relief as the Court deems proper.

COUNT X
PLAINTIFF GEORGE MALTMAN V. DEFENDANT BNP
(WARRANTY OF MERCHANTABILITY)

72-76.   Denied.   The allegations contained in these paragraphs are directed to

defendants other than BAE and Turner and they are therefore denied.

COUNT XI
PLAINTIFF GEORGE MALTMAN VS. DEFENDANT TURNER
CONSTRUCTION COMPANY, INC.
(WARRANTY OF MERCHANTABILITY)

77.   Defendant Turner incorporates by reference the responses contained in

paragraphs 1-76 above as though the same were set forth fully at length.

78.   Denied.   The allegations contained in paragraph 78 constitute conclusions of

law to which no response is required, and they are therefore denied.   By way of further

response, Defendant Turner specifically denies the allegation that it is a "merchant",

regularly dealing in and selling conveyor systems.   Defendant Turner is a construction

company, engaged in the business of performing as either the general contractor or the

construction manager on construction projects for which it is retained.   To the extent that

the remaining allegations contained in paragraph 78 are factual in nature, they are also

denied, as Defendant Turner is without knowledge or information to form a belief as to

those allegations.

79.   Denied.   The allegations contained in paragraph 79 constitute conclusions of

law to which no response is required, and they are therefore denied.   By way of further

response, Defendant Turner is a construction company, engaged in the business of

performing as either the general contractor or the construction manager on construction

projects for which it is retained, and specifically denies the allegations that it is a merchant dealing in conveyor systems to which the implied warranty of merchantability would apply.

80.    Denied. The allegations contained in paragraph 80 constitute conclusions of law to which no response is required, and they are therefore denied. By way of further response, Defendant Turner is a construction company, engaged in the business of performing as either the general contractor or the construction manager on construction projects for which it is retained, and specifically denies the allegations that it is a merchant dealing in conveyor systems to which the implied warranty of merchantability would apply. To the extent that the allegations contained in paragraph 80 are factual in nature, they are denied, as Defendant Turner is without knowledge or information sufficient to form a belief as to these allegations.

81.    Denied. The allegations contained in paragraph 81 constitute conclusions of law to which no response is required, and they are therefore denied. By way of further response, Defendant Turner is a construction company, engaged in the business of performing as either the general contractor or the construction manager on construction projects for which it is retained, and specifically denies the allegations that it is a merchant dealing in conveyor systems to which the implied warranty of merchantability would apply. To the extent that the allegations contained in paragraph 81 are factual in nature, they are denied, as Defendant Turner is without knowledge or information sufficient to form a belief as to these allegations.

WHEREFORE, Defendant Turner Construction Company respectfully demands judgment in its favor and against plaintiffs along with fees, costs, interest and other such relief as the Court deems proper.

## COUNT XII
## PLAINTIFF GEORGE MALTMAN V. DEFENDANT GRAINGER INDUSTRIAL SUPPLY
## (WARRANTY FITNESS)

82-87. Denied. The allegations contained in these paragraphs are directed to defendants other than BAE and Turner and they are therefore denied.

## COUNT XIII
## PLAINTIFF GEORGE MALTMAN V. DEFENDANT BNP
## (WARRANTY FITNESS)

88-93. Denied. The allegations contained in these paragraphs are directed to defendants other than BAE and Turner and they are therefore denied.

## COUNT XIV
## PLAINTIFF GEORGE MALTMAN VS. DEFENDANT TURNER CONSTRUCTION COMPANY, INC.
## (WARRANTY FITNESS)

94.    Defendant Turner incorporates by reference the responses contained in paragraphs 1-93 above as though the same were set forth fully at length.

95.    Denied. The allegations contained in paragraph 95 constitute conclusions of law to which no response is required, and they are therefore denied. By way of further response, Defendant Turner is a construction company, engaged in the business of performing as either the general contractor or the construction manager on construction projects for which it is retained. Defendant Turner specifically denies the allegations that it

"placed the conveyor system in the stream of commerce" or that it "knew or should have known of the particular purpose for which the conveyor system would be used."

96.     Denied. The allegations contained in paragraph 95 constitute conclusions of law to which no response is required, and they are therefore denied. By way of further response, Defendant Turner is a construction company, engaged in the business of performing as either the general contractor or the construction manager on construction projects for which it is retained. Defendant Turner specifically denies the allegations that it "placed the conveyor system in the stream of commerce" or that it "knew or should have known that the buyer and ultimate user would be relying on the skill and/or judgment of the Defendants to furnish a safe and suitable conveyor system."

97.     Denied. The allegations contained in paragraph 97 constitute conclusions of law to which no response is required, and they are therefore denied. By way of further response, Defendant Turner is a construction company, engaged in the business of performing as either the general contractor or the construction manager on construction projects for which it is retained. Turner is not a merchant dealing in conveyor systems to which the implied warranty of fitness for particular purpose would apply.

98.     Denied. The allegations contained in paragraph 98 constitute conclusions of law to which no response is required, and they are therefore denied. By way of further response, Defendant Turner is a construction company, engaged in the business of performing as either the general contractor or the construction manager on construction projects for which it is retained. Turner is not a merchant dealing in conveyor systems to which the implied warranty of fitness for particular purpose would apply. To the extent that

the allegations contained in paragraph 98 are factual in nature, Defendant Turner is without knowledge or information sufficient to form a belief as to those allegations.

99.    Denied.  The allegations contained in paragraph 99 constitute conclusions of law to which no response is required, and they are therefore denied.  By way of further response, Defendant Turner is a construction company, engaged in the business of performing as either the general contractor or the construction manager on construction projects for which it is retained, and specifically denies the allegations that it is a merchant dealing in conveyor systems to which the implied warranty of fitness for particular purpose merchantability would apply.  To the extent that the allegations contained in paragraph 99 are factual in nature, they are denied, as Defendant Turner is without knowledge or information sufficient to form a belief as to these allegations.

WHEREFORE, Defendant Turner Construction Company, Inc. respectfully demands judgment in its favor and against plaintiffs along with fees, costs, interest and other such relief as the Court deems proper.

## COUNT XV
## PLAINTIFF GEORGE MALTMAN V. DEFENDANT GRAINGER
## INDUSTRIAL SUPPLY
## (WARRANTY FITNESS)

100-105.    Denied.  The allegations contained in these paragraphs are directed to defendants other than BAE and Turner and they are therefore denied.

## COUNT XVI
## PLAINTIFF SUSAN MALTMAN V. DEFENDANTS BAE, BNP, TURNER CONSTRUCTION COMPANY, INC. AND GRAINGER INDUSTRIAL SUPPLY
## (LOSS OF CONSORTIUM)

106.    Defendants BAE and Turner incorporate by reference the responses contained in paragraphs 1-105 above as though the same were set forth fully at length.

107.    Denied. Defendants BAE and Turner are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 107.

108.    Denied. The allegations contained in paragraph 108 constitute legal conclusions to which no response is required, and they are therefore denied. By way of further response, Defendants BAE and Turner specifically deny the allegation that they were negligent. To the extent that the allegations made in paragraph 108 are factual in nature, they are denied as Defendants BAE and Turner are without knowledge or information sufficient to form a belief as to those allegations.

WHEREFORE, Defendants BAE Automated Systems, Inc. and Turner Construction Company respectfully demand judgment in their favor and against plaintiffs along with fees, costs, interest and other such relief as the Court deems proper.

### AFFIRMATIVE DEFENSES OF BAE AUTOMATED SYSTEMS, INC.

1.    Plaintiffs fail to properly state a claim upon which relief may be granted.

2.    The injuries alleged in Plaintiffs' Complaint were not directly or proximately caused by any act, omission, or conduct of BAE.

3.    The alleged incident and Paintiff George Maltman's injuries arising therefrom were caused by the negligence, carelessness, recklessness and/or lack of due care exercised by him and/or entities other than BAE, over whom BAE had no control whatsoever.

4.  Plaintiff George Maltman assumed the risk of his alleged injuries.

5.  BAE acted properly towards Plaintiff George Maltman at all times pertinent hereto and complied at all times with all applicable internal regulations and governmental and/or industry standards.

6.  Plaintiffs' claims are barred by his contributory negligence.

7.  Plaintiffs' claims are reduced or barred by the Pennsylvania Comparative Negligence Act, 42 Pa. C.S.A. § 7102.

8.  Plaintiff's injuries were proximately caused by alterations and modifications to the conveyor system by others outside the control of BAE.

9.  The conveyor system was substantially modified, altered and changed after it left the hands of BAE.

10.  The substantial modification, alterations and changes that the conveyor system underwent after it left BAE's hands were superceding causes of Plaintiff's alleged injuries.

11.  Plaintiff's injuries were caused by the abuse and/or misuse of the conveyor system by Plaintiff and/or entities over whom BAE had no control.

12.  Plaintiffs' breach of warranty claims fail for lack of notice.

13.  Plaintiffs' breach of warranty claims fail for lack of privity.

14.  Plaintiffs' breach of warranty claims fail because they were disclaimed, limited and/or modified.

15.  The loss of consortium claim of Plaintiff Susan Maltman, wife of Plaintiff George Maltman, are derivative in nature, and is therefore barred by the contributory

negligence, comparative negligence, assumption of the risk and/or misuse of the system of

Plaintiff George Maltman.

**AFFIRMATIVE DEFENSES OF TURNER CONSTRUCTION COMPANY, INC.**

16.    Turner incorporates and applies to itself each affirmative defense contained in

paragraphs 1-15 of BAE's Affirmative Defenses above.

17.    Plaintiffs' breach of warranty claims fail because Turner is not a merchant

engaged in the business of selling conveyor systems.

Respectfully submitted,

BLANK ROME COMISKY & MCCAULEY LLP

BY: _____

DAVID N. ZEEHANDELAAR
ELAINE D. SOLOMON
One Logan Square
Philadelphia, PA 19103
(215) 569-5500

Attorneys for Defendants
BAE Automated Systems, Inc. and Turner
Construction Company, Inc.

Dated:  9/24/02